IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JACQUELINE DIXON,** | CIVIL ACTION |
| **Plaintiff,** | |
| v. | NO. 20-6515 |
| **CITY OF PHILADELPHIA,** *et al.,* | |
| **Defendants.** | |

**MEMORANDUM OPINION**

**Goldberg, J.**                                                               **August 23, 2021**

Plaintiff Jacqueline Dixon, a pretrial detainee at Riverside Correctional Facility, suffered injury when she slipped and fell in a puddle of water in her cell. She brings claims for injury arising out of that fall, and her subsequent medical treatment, against Defendant Corizon Health, Inc. ("Corizon"), Riverside Correctional Facility, U.S. Facilities, Inc., John Doe #1 – a medical assistant and employee of Corizon, and John Doe #2 – a medical assistant at Riverside Correctional Facility.

Defendant Corizon moves to dismiss the claims against it and its employee pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, I will grant the Motion but will provide Plaintiff leave to file a second amended complaint.

1

I. FACTS

The following facts are taken from the Amended Complaint.[1]

Plaintiff was imprisoned at Riverside during the month of January 2019. Plaintiff woke up in the morning during an unspecified day that month and walked around her cell. The cell she was housed in previously had a puddle in it, due to a leaking sink. The leak was reported to correctional officers. Maintenance staff and/or correctional officers employed by Defendants City of Philadelphia, U.S. Facilities, Inc., and/or PRWT Services subsequently reported to prisoners that the leaking sink had been repaired. (Am. Compl. ¶¶ 28–33.)

Plaintiff slipped and fell in a puddle that January morning, breaking her leg. After falling, correctional officers and Defendant John Doe #1, a male medical assistant employed by Corizon, responded to calls that Plaintiff was injured. After arriving in the cell, Defendant John Doe #1 "jerked" Plaintiff's injured leg. Plaintiff screamed out and asked Defendant John Doe #1 what he was doing. Defendant John Doe #1 replied that he was putting her leg back into place. Plaintiff was then taken to an emergency room where she was treated for her injuries. After her treatment, she was transferred back to Riverside, where she remained in the prison infirmary. Upon release from the infirmary, Plaintiff was returned to her cell and claims that she was denied necessary follow-up medical treatment. Plaintiff now walks with a limp due to injuries suffered and the subsequent lack of follow-up care. (Id. ¶¶ 30, 35–48.)

On December 29, 2020, Plaintiff filed suit alleging that Defendants violated 42 U.S.C. § 1983 by: (a) exhibiting deliberate indifference to Plaintiff's medical needs in violation of the

---

[1] In deciding a motion under Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in the complaint as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading, the plaintiff may be entitled to relief. Atiyeh v. Nat'l Fire Ins. Co. of Hartford, 742 F. Supp. 2d 591, 596 (E.D. Pa. 2010).

Eighth Amendment; and (b) violating Plaintiff's right to be free from punishment as a pretrial detainee. Further, Plaintiff filed suit alleging that Defendants actions amounted to tortious negligence.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). The United States Supreme Court has recognized that "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, (2007) (quotations omitted). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and only a complaint that states a plausible claim for relief survives a motion to dismiss. Ashcroft v. Iqbal, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. A complaint does not show an entitlement to relief when the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct. Id. at 679.

The United States Court of Appeals for the Third Circuit has detailed a three-step process to determine whether a complaint meets the pleadings standard. Bistrian v. Levi, 696 F.3d 352 (3d Cir. 2014). First, the court outlines the elements a plaintiff must plead to state a claim for relief. Id. at 365. Next, the court must "peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth." Id. Finally, the court "look[s] for well-pled factual allegations, assume[s] their veracity, and then 'determine[s] whether they

3

plausibly give rise to an entitlement to relief'" Id. (quoting Iqbal, 556 U.S. at 679). The last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. (quoting Iqbal, 556 U.S. at 679).

## III. DISCUSSION

Defendant Corizon sets forth three bases for dismissal of the claims against it. First, it alleges that the Complaint is time barred. Second, it contends that the Eighth Amendment does not apply to Plaintiff's claims because she was a pretrial detainee. Finally, it asserts that Plaintiff's Fourteenth Amendment claims fail to state a claim upon which relief may be granted.

### A.     **Statute of Limitations**

Defendant contends that the ambiguity as to the date of Plaintiff's injury in the Complaint deprives it of an affirmative defense based upon the expiration of the statute of limitations and thus fails to meet 12(b)(6) pleading standards.

The United States Court of Appeals for the Third Circuit has held that defendants may raise a limitations defense under Rule 12(b)(6) if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002). The bar must be apparent on the face of the complaint to warrant dismissal on limitations grounds. Id. That said, "[a] plaintiff is not required to plead, in a complaint, facts sufficient to overcome an affirmative defense." Schmidt v. Skolas, 770 F.3d 241, 251 (3d Cir. 2014). Thus, if "the pleading does not reveal when the limitations period began to run," then "the statute of limitations cannot justify Rule 12 dismissal." Stephens v. Clash, 796 F.3d 281, 288 (3d Cir. 2015) (quoting Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 835 (3d Cir. 2011)).

Defendant asserts that the time period alleged in the statement of the claim does not "show that the cause of action has not been brought" within the relevant limitations period. While this may be true, this argument improperly shifts the burden of proving or disproving an affirmative defense onto Plaintiff. When, as here, the starting of the limitations period is not evident on the face of the claim, the statute of limitations cannot justify a dismissal under Fed. R. Civ. P. 12(b)(6). Accordingly, I will deny Defendant's motion on this ground.

### A. Claims Under 42 U.S.C. § 1983

Plaintiff makes several constitutional claims pursuant to 42 U.S.C. § 1983, which provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.] 42 U.S.C. § 1983.

42 U.S.C. § 1983.

To state a claim under Section 1983, a plaintiff must demonstrate the defendant, acting under color of state law, deprived him of a right secured by the Constitution or the laws of the United States. Kaucher v. Cnty. of Bucks, 455 F.3d 418, 423 (3d Cir. 2006). While "[g]overnment officials may not be held liable [under Section 1983] for the unconstitutional conduct of their subordinates under a theory of respondeat superior," there are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." Barkes v. First. Corr. Med., Inc., 766 F.3d 307, 316 (3d Cir. 2014), rev'd on other grounds Taylor v. Barkes, 135 S. Ct. 2042 (2015). Supervisor-defendants may be liable if they were personally involved in the constitutional violation, i.e., they participated in it, directed others to commit it, or

had actual knowledge of and acquiesced in it. Id. Supervisor-defendants may also be liable if "they, 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused the constitutional harm.'" Id. (quoting A.M. *ex rel.* J.M.K. v. Luzerne Cnty. Juv. Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004)).

Plaintiff's Section 1983 claims fall under the Eighth and Fourteenth Amendments to the United States Constitution. I separately address each claim.

    1. Plaintiff's § 1983 Claims Pursuant to the Eighth Amendment

Corizon first argues that Plaintiff's cruel and unusual punishment claims fail because Eighth Amendment protections do not apply to pretrial detainees.

The Eighth Amendment "was designed to protect those convicted of crimes and consequently the Clause applies only after the State has complied with constitutional guarantees traditionally associated with criminal prosecutions." Hubbard v. Taylor, 399 F.3d 150, 164 (3d Cir. 2005). Although pre-trial detainees are entitled, at the least, to the protections of the Eighth Amendment, Colburn v. Upper Darby Twp., 838 F.2d 663, 668 (3d Cir. 1998), a pre-trial detainee's claims regarding conditions of confinement or level of medical care must be analyzed under the Due Process Clause of the Fourteenth Amendment. Fuentes v. Wagner, 206 F.3d 335, 342 (3d Cir. 2000).

According to Plaintiff's Amended Complaint, at the time of the events at issue, Plaintiff was only a pre-trial detainee. As such, Plaintiff's claims under the Eighth Amendment are improper and must be dismissed.

    2. <u>Plaintiff's Fourteenth Amendment Against Corizon Employee John Doe #1</u>

*a. Deliberate Indifference to Serious Medical Needs*

Plaintiff next alleges that Defendant John Doe #1 exhibited deliberate indifference to her serious medical needs, thus violating her constitutional rights under the Fourteenth Amendment.

A pre-trial detainee is entitled, under the Due Process Clause of the Fourteenth Amendment to at least the same level of medical care as is required for convicted prisoners under the Eighth Amendment. <u>Fuentes v. Wagner</u>, 206 F.3d 335 (3d Cir. 2000). As such, "[the] protections of the Eighth Amendment would seem to establish a floor of sorts." <u>Kost v. Kozakiewicz</u>, 1 F.3d 176, 192 (3d Cir. 1993). Accordingly, examining the sufficiency of Plaintiff's Fourteenth Amendment claims using an Eighth Amendment analysis is proper.

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. <u>Estelle v. Gamble</u>, 429 U.S. 97, 103-105 (1976). To set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts of omissions by prison officials that indicate deliberate indifference to that need. <u>Id.</u> at 104; <u>see also</u> <u>Rouse v. Plainter</u>, 182 F.3d 192, 197 (3d Cir. 1999).

"Seriousness" is proven if a plaintiff is able to demonstrate that the need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." <u>Monmouth Cty. Corr. Institutional Inmates v. Lanzaro</u>, 834 F.2d 326, 347 (3d Cir. 1987) (<u>Pace v. Fauverur</u>, 479 F. Supp. 456, 458 (D.N.J.1979), <u>aff'd</u>, 649 F.2d 860 (3d Cir. 1981)); <u>see also</u> <u>Pearson v. Prison Health Servs.</u>, 850 F.3d 526, 534 (3d. Cir. Mar. 2017) (noting that a medical need is serious where it has been diagnosed by a physician as requiring treatment). Moreover, "where denial or delay causes an

inmate to suffer a life-long handicap or permanent loss, the medical need is considered serious." Lanzaro, 834 F.2d at 347.

To demonstrate the deliberate indifference prong of Estelle, a plaintiff must show that the defendants were more than merely negligent in diagnosing or treating his serious medical condition. Mere medical malpractice or disagreement with the proper treatment of an illness cannot give rise to a violation of the Eighth Amendment. White v. Napoleon, 897 F.2d 103, 108 (3d Cir. 1990). Rather, a prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. Farmer v. Brennan, 511 U.S. 825, 837, 811 (1994). The Third Circuit has found that the deliberate indifference standard is satisfied "[w]hen prison officials 1) deny reasonable requests for medical treatment, and the denial exposes the inmate to undue suffering or the threat of tangible residual injury, 2) delay necessary medical treatment for non-medical reasons, or 3) prevent an inmate from receiving recommended treatment for serious medical needs or deny access to a physician capable of evaluating the need for treatment." Whooten v. Bussanich, 248 F. App'x 324, 326–27 (3d Cir. 2007).

Here, Plaintiff has not met the burden of stating a claim upon which relief can be granted as set forth in Fed. R. Civ. P. 12(b)(6). To the extent that Plaintiff was provided care to treat the immediate serious needs of her leg injury, Plaintiff has not pled any facts to suggest that the alleged denial of follow-up care was inappropriate, unreasonable, or exposed Plaintiff to additional risk of suffering and injury. While Plaintiff offers her limp as evidence of permanent injury, the Amended Complaint is also devoid of allegations that her limp resulted from the alleged denial of medical treatment or that the Defendant was deliberately indifferent to Plaintiff's medical needs. Indeed, the facts as Plaintiff presents them suggests that Defendant John Doe #1 provided Plaintiff with

the necessary medical care to treat her leg injury by putting Plaintiff's bone back in place and taking her to the emergency room immediately thereafter. (Am. Compl. ¶¶ 42, 44.). Moreover, while the alleged leg injury may be described as serious, Plaintiff has not plausibly pled that the need for her follow-up medical care was serious. Because the Amended Complaint is nothing more than a bare recital of the elements of a cause of action, supported with sparse factual allegations, this claim must be dismissed.

### b. Conditions of Confinement

Plaintiff next alleges that Defendant subjected her to conditions of confinement that amounted to punishment.

A pretrial detainee's protection from punishment under the Fourteenth Amendment has been distinguished from a convicted prisoner's protection from punishment that is "cruel and unusual" under the Eighth Amendment. Hall-Wadley v. Maint. Dep't, 386 F. Supp. 3d 512, 516 (E.D. Pa. 2019). The Third Circuit has held that pee-trial detainees "are entitled to greater constitutional protection than that provided by the Eighth Amendment." Hubbard v. Taylor, 399 F.3d 150, 167n.23 (3d Cir. 2005). When a pre-trial detainee claims that the conditions of confinement violate their due process rights, "the proper inquiry is whether those conditions amount to punishment of the detainee." Bell v. Wolfish, 441 U.S. 520, 535 (1979). The United States Supreme Court established a two-prong standard for determining whether conditions of confinement violate Due Process: whether the questioned "restrictions and practices" (1) "are rationally related to a legitimate nonpunitive governmental purpose[,]" and (2) "whether they appear excessive in relation to that purpose." Id. at 561.

To prevail on a Fourteenth Amendment claim brought pursuant to Section 1983, a pre-trial detainee must also demonstrate that a particular defendant acted with "deliberate indifference" to

those conditions. Edwards v. Northampton Cnty., 663 F. App'x 132, 135 (3d Cir. 2016). Deliberate indifference is established if a defendant "knows that inmates face a substantial risk of serious harm" and "disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994).

Based on the sparse allegations set forth in the Amended Complaint, I cannot find that Plaintiff has adequately pled a Fourteenth Amendment violation. First, Plaintiff fails to plead that Defendant Corizon or its employees—as medical providers for the facility—were responsible for maintenance of the facility or for correcting dangerous conditions. Moreover, the mere presence of a puddle in a jail cell cannot be said to amount to punishment. Indeed, the sole allegation Plaintiff offers in support of her claim is her assertion that Defendant violated her rights "by maintaining a dangerous condition." (Compl. ¶ 74.) As the Plaintiff fails to assert a plausible basis for relief, this claim must be dismissed.

    3.   Plaintiff's Monell Claims against Corizon Health, Inc.

Under Monell v. Dep't of Social Services, 436 U.S. 658 (1978), a city, municipality, or private entity that is a state actor "may not be held vicariously liable under § 1983 for the actions of its agents" because "[t]here is no *respondeat superior* theory of municipal liability." Regan v. Upper Darby Twp., 363 F. App'x 917, 922 (3d Cir. 2010) (quoting Sanford v. Stiles, 456 F.3d 298, 312 (3d Cir. 2006)).[2] Rather, to recover against a municipality or municipal corporation under Section 1983, a plaintiff must plead that the city itself caused an injury through the implementation

---

[2] As Corizon Health has contracted with the City of Philadelphia to provide medical services to prison inmates, it is considered a state actor for purposes of § 1983. See Neuen v. PrimeCare Med., Inc., No. 09-509, 2011 WL 1104118, at *8 (E.D. Pa. Mar. 24, 2011) ("Private entities that contract with municipalities to provide services to prison inmates, as well as employees of those entities, are acting 'under color of state law.'").

of a policy, practice or custom. Monell, 436 U.S. at 694; Natale v. Camden Cty Corr. Facility, 318 F.3d 575 (3d Cir. 2003).

When a plaintiff alleges that a policy "concerns a failure to train or supervise municipal employees, liability under section 1983 requires a showing that the failure amounts to 'deliberate indifference' to the rights of persons with whom those employees will come into contact." Thomas v. Cumberland Cty., 749 F.3d 217, 222 (3d Cir. 2014) (citations omitted). "To show the 'deliberate indifference' required to state a § 1983 failure to train claim, a claimant may proceed under either a 'pattern' – or 'single-incident'-based theory of liability." Logan v. Bd. Of Educ., 2016 U.S. Dist. WL 463787 at *11. A pattern of similar constitutional violations by untrained employees is "ordinarily necessary" to demonstrate deliberate indifference for purposes of failure to train. Bryan Cty., 520 U.S. 397, 409 (1997).

In City of Canton v. Harris, 489 U.S. 378, however, the United States Supreme Court laid out a hypothetical "single-incident" liability claim, portraying a scenario where the need to train city actors in constitutional limitations in specific situations can be said to be "so obvious," that failure to do so could properly be characterized as "deliberate indifference" to constitutional rights." The Third Circuit has observed that "[l]iability in single-incident cases depends upon '[t]he likelihood that the situation will recur and the predictability that an [employee] lacking specific tools to handle that situation will violate citizens' rights." Logan, at *13 (quoting Thomas v. Cumberland Cnty., 749 F.3d 217, 223-34 (3d Cir. 2014)).

Here, Plaintiff sets forth several theories on which to impose Monell liability on Corizon, none of which have merit. First, Plaintiff contends that Corizon is liable for the actions of John Doe Defendants through the doctrine of *respondeat superior*. This allegation is directly contrary to the law under Monell.

Second, Plaintiff alleges that Defendant has a custom or policy of exhibiting deliberate indifference and failing to train or supervise Defendant's agents. This argument fails to meet 12(b)(6) pleading requirements as it is supported by nothing beyond mere conclusory statements. Plaintiff fails to either set forth allegations regarding a pattern of similar violations or offer support for the likelihood that the misconduct would occur again, and that it is predictable in nature. As the Amended Complaint merely alleges a failure to train and supervise without offering more by way of plausible factual allegations, it must be dismissed.

### C. State Law Claims

Finally, Plaintiff brings a state law claim of negligence against Defendant Corizon and its employee. Corizon moves to dismiss these claims under the Political Subdivision Tort Claims Act, 42 Pa.C.S. § 8541, et seq. ("Tort Claims Act").

Defendants, in their official capacities, are immune from any tort claims under the Tort Claims Act, which grants municipalities immunity from liability for any damages resulting from an injury to a person or property caused by an act of the municipality, its employee, or any other person, except in certain enumerated exceptions.[3] 42 Pa. Cons. Stat. § 8542. None of these exceptions apply here and, therefore, all of Plaintiff's state law claims against Defendant Corizon and its employee must be dismissed.

### IV. CONCLUSION AND LEAVE TO AMEND

Considering the foregoing, I will grant the Defendant Corizon's Motion to Dismiss with respect to all claims against Corizon and John Doe #1. Nevertheless, I remain cognizant that in a

---

[3] There are eight categories of "negligent acts" for which a local agency can be held liable. The categories are: (1) vehicle liability; (2) care, custody, or control of personal property; (3) real property; (4) trees, traffic controls, and street lighting; (5) utility service facilities; (6) streets; (7) sidewalks; and (8) care, custody, or control of animals. 42 Pa. Cons. Stat. § 8542(b).

civil rights case, a court must *sua sponte* allow a plaintiff to leave to amend his or her complaint unless it would be inequitable or futile to do so. Phillips v. Cnty of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008); Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Based on the discussion above, it is conceivable that Plaintiff could allege sufficient facts to support her dismissed claims. Accordingly, Plaintiff shall be granted leave to file a second amended complaint.

Plaintiff is reminded that any fact that can be alleged in good faith may be pled if Plaintiff chooses to file a second amended complaint.